UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61226-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE PARCEL OF REAL PROPERTY
LOCATED AT 19127 SW 65TH STREET,
PEMBROKE PINES, BROWARD COUNTY,
FLORIDA, INCLUDING THE APPURTENANCES
THERETO AND THE IMPROVEMENTS
THEREON,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's Motion for Partial Summary Judgment [DE 38]. The Court has considered the motion, the response of Claimants Hugo Slater and Nakia Rawls [DE 41], Plaintiff's reply [DE 44], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 8, 2011, a bank account was opened in the name of Slater 5th Trust, Nakia Newberry Rawls Trustee, at Bank of America, Account Number XXXXXXXX9595 ("the trust account"). DE 39 ¶ 1. Claimant Nakia Rawls was an authorized signatory on the account. Id. Between April 25, 2011, and May 31, 2011, eleven cash deposits totaling $67,700.00 were made in the trust account, with each individual deposit being less than $10,000.00. Id. ¶ 2. Plaintiff alleges that these deposits were deliberately structured to evade the requirement under 31 U.S.C. § 5313(a) that cash transactions

greater than $10,000.00 be reported to the United States Treasury Department. Plaintiff further alleges that such deliberate structuring is a violation of 31 U.S.C. §§ 5324(a)(1) and 5324(a)(3).

On May 18, 2011, $31,000.00 was withdrawn from the trust account by a check made payable to Coastal Title, Inc. ("Coastal Title"). On May 31, 2011, $53,185.92 was withdrawn from the account and likewise transferred to Coastal Title. Id. ¶ 3. The money was then used for the purchase of the defendant parcel of real property, with Coastal Title acting as title agent. DE 1 ¶¶ 20-21. The property was purchased on June 3, 2011, for $310,000.00, and a warranty deed was issued to Avinie M. Bates, Rawls' step-father. The deed was recorded in Bates' name on June 13, 2011. DE 39 ¶¶ 4, 6.

On June 19, 2012, the United States filed the instant *in rem* action for civil forfeiture, alleging that the defendant property was purchased in part with funds traced to cash transactions that violated 31 U.S.C. §§ 5324(a)(1) and 5324(a)(3), and therefore that the property is subject to forfeiture under 31 U.S.C. § 5317(c)(2). The following day, a copy of the Complaint was served on Bates, Rawls, and Claimant Diana Ingeborg Roy. On July 6, 2012, Roy filed a Verified Claim [DE 11], asserting that she has a first position money mortgage on the defendant property in the original principal sum of $156,420.83. Slater and Rawls filed their Verified Claims [DE's 23, 24] on July 17, 2012. No other person has filed a Verified Claim, and the time for doing so has passed.

In the present motion, Plaintiff seeks partial summary judgment against Slater and Rawls on the basis that they do not have standing to contest the forfeiture. Slater

and Rawls oppose the motion, claiming that they have an interest in the property because they are "occupied investors." They allege that they deposited $53,000.00, and $31,000.00, respectively, in the trust account so that Bates could buy the property. DE 38-4 at 34; DE 23 at 1; DE 24 at 1. They further represent that they agreed with Bates that they would live in the property, pay the mortgage, and maintain the property. DE 38-4 at 34-35. It was also understood that Bates would quitclaim the property into the trust account, and, when the real estate market was favorable, they would sell the property and divide the profits based on their initial investments. Id. at 35. The property was not ultimately transferred to the trust, instead remaining in Bates' name. DE 38-5 at 31. Neither Rawls nor Slater are titled owners of the property, nor do they have any other recorded interest in the property. See DE 38-4 at 30; DE 38-5 at 28-30.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). A case cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982); see also Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)). In civil forfeiture cases, a claimant must have both Article III standing and statutory standing. United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543-44 (11th Cir. 1987). The Article III standing analysis requires that the claimant demonstrate sufficient

interest in the property such that there is a "case or controversy" capable of adjudication by federal courts. Id., at 1543 (citing U.S. Const. art III, § 2). Statutory standing, on the other hand, refers to a claimant's compliance with the procedural requirements for bringing a claim under federal forfeiture statutes and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules"). See United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818 (11th Cir. 2009) (per curiam); 18 U.S.C. § 983; Supplemental Rules G(1), G(5), G(8). "[T]he government may move to strike a forfeiture claim at any time before trial for failure to comply with [Supplemental] Rule G(5) or for lack of standing." $12,126.00 in Currency, 337 F. App'x at 820. The claimant bears the burden of establishing standing. United States v. $114,031.00, 284 F. App'x 754, 756 (11th Cir. 2008) (citing United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir. 1984)).

### III. ANALYSIS

Slater and Rawls assert that they have Article III standing because they occupy the defendant property, helped purchase it, make mortgage payments on it, and pay for repairs. This argument is insufficient as a matter of law. In cases involving the forfeiture of real property, occupancy and investment are insufficient to confer standing. United States v. 3229 S.W. 23rd St., 768 F. Supp. 340, 346-47 (S.D. Fla. 1991); United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 120-21 (8th Cir. 1995). Rather, a claimant must establish that she has an ownership interest in the property to be able to contest its forfeiture. United States v. One Parcel of Real Estate at 1012 Germantown Rd., Palm Beach Cnty., Fla., 963 F.2d 1496, 1500 (11th Cir. 1992); 3229 S.W. 23rd St., 768 F. Supp. at 347 (S.D. Fla. 1991); see also United States v. Murphy,

850 F. Supp. 981, 983 (M.D. Fla. 1994) (finding that a minor child, who resided in but was not the owner of the subject property, lacked standing to contest forfeiture); accord United States v. One Parcel of Property Located at R.R. 2, 959 F.2d 101, 103-04 (8th Cir. 1992) ("To show standing to contest forfeiture, a claimant must prove that he or she is the owner of the defendant property.").  In order to qualify as an 'owner' in the forfeiture context, a claimant must have "an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest."  18 U.S.C. §§ 983(d)(1), 983(d)(6).

In 3229 S.W. 23rd St., the wife of a convicted drug trafficker attempted to show standing to contest forfeiture of the family home, which was titled solely in her husband's name.  The claimant resided at the defendant property, and paid for improvements thereon.  786 F. Supp. at 346.  The Court nonetheless held that the claimant did not have standing to contest the forfeiture because she did not hold title, and therefore failed to show the requisite 'ownership interest' in the property.  Id. at 347.  Likewise, in the case at bar, Slater and Rawls admit that the defendant property is not titled in their names, but assert standing based on their occupancy and financial investment.  However, living on the premises and investing in the property are insufficient to establish an ownership interest.  Id.; see also United States v. Numerous Parcels of Real Property, et al., No. 8:04-cv-150-T-30-EAJ, 2006 WL 3248573, at *3 (M.D. Fla. Nov. 7, 2006) (finding that contributing to the down payment, living in the house, and paying rent and utilities did not entitle claimant to an ownership interest in the property).  Slater and Rawls have made no showing that they have any legal title, leasehold, lien, mortgage, recorded security interest, or valid assignment of an

5

ownership interest in the defendant property.  See DE 38-2 at 6-7, 21; DE 38-3 at 6-7, 21.  Therefore, they have failed to meet their burden to establish Article III standing.

Slater and Rawls respond by pointing to a series of cases that hold that the requisite showing for standing is "ownership or some lesser possessory interest in the property."  DE 41 at 9 (citing United States v. $114,031 in U.S. Currency, 2008 WL 2640439, at *1 (11th Cir. July 7, 2008); Via Mat Int'l S. America, Ltd. v. United States, 446 F.3d 1258, 1262 (11th Cir. 2006); United States v. Carell, 252 F.3d 1193, 1201 (11th Cir. 2001)).  None of the above-cited cases expand upon what constitutes a "lesser possessory interest" that would confer standing on a claimant.  However, an examination of those cases, and the precedent referenced in those cases, shows that courts have extended standing to non-owning possessors only in actions involving the forfeiture of *personal* property.  See, e.g., Via Mat, 446 F.3d at 1263 (finding, in regard to seized currency, that "[t]he economic harm to a party with a possessory interest in seized property, imposed by virtue of its liability to the owner of such property," is sufficient to confer Article III standing); United States v. $38,000.00 in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987) (finding that a bailee had standing to contest forfeiture of currency); United States v. $260,242.00 in U.S. Currency, 919 F.2d 686, 687-88 (11th Cir. 1990) (same); United States v. $38,000 in U.S. Currency, 816 F.2d 1538 (11th Cir. 1987) (same); United States v. One 2005 Dodge Magnum, 845 F. Supp. 2d 1361, 1366-67 (N.D. Ga. 2012) (holding, in a car forfeiture case, that "actual ownership," and "dominion and control" were the relevant inquiries for standing).

In forfeiture actions involving real property, on the other hand, courts have made clear that the standard is ownership, rather than possession.  See 3229 S.W. 23rd St.,

768 F. Supp. at 347 (noting that, in the context of real property, "the term 'owner' is most often used to designate the person in whom the legal or equitable title of property rests, as distinguished from a mere occupant or tenant."); see also Tracts 10 & 11, 51 F.3d at 121 (holding that, in the forfeiture context, "personal property . . . is generally susceptible of a broader definition of 'ownership' than is real property."). The case at hand deals exclusively with the forfeiture of real property. While Slater and Rawls assert in their depositions that they own the property, they also admit that they do not actually have title to the property. DE 38-4 at 30-34; DE 38-5 at 28-30. Thus, because it is undisputed that neither Slater nor Rawls owns the defendant property, the Court concludes that they do not have Article III standing in this action, and their claims must be dismissed.[1] Moreover, because a claimant needs both Article III and statutory standing to contest a forfeiture, the Court need not reach the issue of statutory standing at this time.

---

[1] Slater and Rawls also challenge the "standing" of Plaintiff to bring this action because it has not established that the defendant property is subject to civil forfeiture. However, as the Ninth Circuit found in dealing with a similar argument, Claimants are "conflating two separate inquiries: (1) whether the government had standing to commence and maintain a civil forfeiture action in the district court and (2) whether the government presented sufficient evidence to prevail on the merits." United States v. 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004). Plaintiff need not prove the merits of its case in order to show standing. Plaintiff has alleged that the defendant property is subject to forfeiture under 31 U.S.C. § 5317(c)(2), because it is traceable to violations of 31 U.S.C. §§ 5313(a), 5324(a)(1), and 5324(a)(3). DE 1 at 1. Plaintiff therefore had standing to commence this action. See 5208 Los Franciscos Way, 385 F.3d at 1193.

## IV. CONCLUSION

Therefore, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.   Plaintiff United States of America's Motion for Partial Summary Judgment [DE 38] is **GRANTED.**

2.   The Verified Claim of Hugo Slater [DE 23] is **DISMISSED**.

3.   The Verified Claim of Nakia Rawls [DE 24] is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of March, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF