UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61226-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE PARCEL OF REAL PROPERTY
LOCATED AT 19127 SW 65th STREET,
PEMBROKE PINES, BROWARD
COUNTY, FLORIDA, INCLUDING
THE APPURTENANCES THERETO
AND THE IMPROVEMENTS THEREON,

    Defendant.

_____/

## JUDGMENT AND ORDER OF FORFEITURE

**THIS CAUSE** is before the Court on the Motion for Judgment and Order of Forfeiture [ECF No. 49] filed by the Plaintiff, the United States of America ("the United States"), pursuant to Title 31, United States Code, Section 5317(c)(2), and the Court having considered the matter, hereby finds as follows:

    1.    That on June 19, 2012, the United States filed a Verified Complaint For Forfeiture *In Rem* (the "Complaint") against a parcel of real property located at 19127 SW 65th Street, Pembroke Pines, Broward County, Florida, including the appurtenances thereto and the improvements thereon (the "defendant property"), as property involved in, or traceable to violations of Title 31, United States Code, Sections 5313(a), 5324(a)(1), and 5324(a)(3), and subject to forfeiture pursuant to Title 31, United States Code, Section 5317(c)(2) [ECF No. 1].

2. That on June 20, 2012, a copy of the Complaint was posted on the property. *See* Acknowledgment of Service, Posting of Complaint and Amended Notice of Complaint [ECF No. 13].

3. That on June 20, 2012, notice of the forfeiture action was posted on an official government internet site, advising that any person claiming a legal interest in the defendant property had to file a Verified Claim with the Court within 60 days. [*See* Declaration of Publication, ECF No. 31].

4. That on July 6, 2012, the Claimant Diana Ingeborg Roy ("Roy") filed a Verified Claim, in which she stated she has a first position purchase money mortgage on the defendant property in the original principal sum of $156,420.83, evidenced by a Real Estate Mortgage dated June 3, 2011, and recorded on June 13, 2011, in Official Records Book 47972, Pages 396-399 of the Public Records of Broward County, Florida (the "Real Estate Mortgage") [ECF No. 11].

5. That on July 17, 2012, Claimants Nakia Newberry Rawls ("Rawls") and Hugo Slater ("Slater") each filed a Verified Claim, in which each stated they had invested $53,000.00 and $31,000.00, respectively, for use in the purchase of the defendant property by Bates [ECF No. 23, 24]. The United States moved to dismiss both claims by filing a motion for partial summary judgment in favor of the United States on the ground that Claimants Rawls and Slater lack standing to challenge the instant forfeiture action [ECF No. 38]. The Court granted the motion for partial summary judgment and dismissed the claims of Rawls and Slater [ECF. No. 47].

6. That no other person has filed a claim, answer, or other responsive pleading and the time for filing such pleadings has expired.

7. That the United States and Claimant Roy have entered into a Stipulation and Settlement Agreement [ECF No. 49-1] (the "Agreement") with respect to the defendant property. One of the salient features of the Agreement was that the United States recognized the Claimant Roy's interest in the defendant property and agreed to pay the amounts indicated therein when the defendant property was both finally forfeited and sold.

Based upon the above findings, and the Court being otherwise fully advised in the premises, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Motion for Judgment and Order of Forfeiture [ECF No. 49] is **GRANTED**.

2. The Stipulation and Settlement Agreement [ECF No. 49-1] between the United States and Claimant Diana Ingeborg Roy is **APPROVED AND ADOPTED**.

3. The defendant property shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), and the United States shall disburse funds to Claimant Roy consistent with the Stipulation and Settlement Agreement.

4. Any and all interests of all other persons except for Claimant Roy are hereby defaulted for failure to timely plead, answer or otherwise defend against said cause as required by law.

5. The Court will retain jurisdiction over this matter and the parties to enter such further orders as may be necessary for the disposal of the defendant property, and for such other and further relief as the Court deems just and proper.

6. Claimant Roy's Motion for Court Costs and Attorney's Fees [ECF 48] is **DENIED AS MOOT**.

7. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of March, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

cc: AUSA Eloisa D. Fernandez (two certified copies)
Counsel of Record